UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tyrone Day,<br><br>　　　　　　Plaintiffs<br><br>　　-against-<br><br>The City of New York, Police Officer Pablo Best, John Does 1 through 5,<br><br>　　　　　　Defendants | ECF CASE<br><br>08 Civ 6326 (GBD) (KNF)<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1.　This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of plaintiff Tyrone Day's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution and laws of the State of New York.

2.　On September 16, 2007, at approximately 9:18 PM, while Plaintiff was doing nothing more than walking down the street, Police Officer Pablo Best, along with several other members of New York City Police Department, assaulted and battered Plaintiff without provocation, handcuffed him and charged him with Disorderly Conduct, a charge that was later dismissed.

## JURISDICTION

3.　This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

6. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. Plaintiff TYRONE DAY was and is a resident of New York City.

8. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

9. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the constitutions and laws of the

United States and of the State of New York.

10. At all relevant times herein, defendant PABLO BEST, was a police officer employed by the NYPD and was acting in the capacity of agent, servant, and employee of the City.

11. Defendant Best is currently stationed at the Transit Borough Special Operations District.

12. Defendant Best's shield number is 30995

13. Defendant Best's tax identification number is 929505.

14. At all relevant times herein, defendant JOHN DOES 1 through 5 were police officers employed by the NYPD and each acting in his capacity as agent, servant, and employee of the City.

15. Plaintiff is unable to determine the actual names of John Does 1 though 5 at this time and thus sues them under fictitious names.

16. At all times relevant herein, defendants Best and John Does 1 through 5 were each acting under color of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Best and John Does 1 through 5 were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their

duties as officers, employees and agents of the City of New York.

17. Defendants Best and John Does 1 through 5 are sued in their individual and official capacities.

## STATEMENT OF FACTS

18. On the evening of September 16, 2007, Plaintiff Tyrone Day was walking out of a grocery store located at 304 Lenox Avenue in New York City.

19. Plaintiff was heading toward his parked car and was not engaged in any criminal conduct whatsoever.

20. As Plaintiff was walking toward the corner of West 125th Street and Lenox Avenue, Defendant Best, who was beating his hand with his metal baton, told him to "keep moving."

21. Plaintiff stated, in substance, "Yes officer, I'm walking."

22. At that point Defendant Best, without any provocation or warning, struck Plaintiff in the face with his baton, hitting Plaintiff beneath his right eye.

23. Immediately thereafter, Plaintiff was tackled to the ground by two more uniformed officers, John Does 1 and 2.

24. While he was on the ground, Plaintiff tried to take pictures of the officers with the camera on his cellular telephone.

25. John Does 1 and 2 proceeded to strike Plaintiff, who was still on sidewalk, with their batons around his upper body.

26. At some point, Defendant Best and several other officers, John Does 3 through 5, joined John Does 1 and 2 in their assault of Plaintiff.

27. After the beating stopped, some people in the crowd that had formed yelled to Plaintiff to get badge numbers and to take more pictures at which point Plaintiff got up and approached the officers in an attempt to do just that.

28. At that point John Doe 1, grabbed Plaintiff's arms and placed them behind his back as John Doe 2 handcuffed him.

29. While this was happening, John Doe 3 grabbed Plaintiff's cellular telephone, a "flip phone," from his hand and broke it in two. John Doe 3 place the half with the screen in Plaintiff's pocket, but kept the half that contained the memory card.

30. After plaintiff was handcuffed, John Doe 2 placed Plaintiff bent over a newspaper display box, where he was left for approximately one hour.

31. At some point, Plaintiff heard Defendant Best saying, in substance "Let's put him in the Paddy Wagon." Another officer who had arrived to the scene told Defendant Best that he could not "arrest him for nothing."

32. Defendant Best then wrote Plaintiff out a summons charging him with disorderly conduct under New York Penal Law § 240.20(6) (the "Summons").

33. That number of the Summons was 4071694725.

34. The Summons was given Docket number 2007SN138057 and dismissed in New York Criminal Court Part SAP-D on November 21, 2007, prior to Plaintiff going to

court.

## NOTICE OF CLAIM

35. A Notice of Claim was filed in this matter on December 11, 2007

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

36. All other paragraphs herein are incorporated by reference as though fully set forth.

37. By assaulting, arresting, detaining and charging Plaintiff, the individual defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from excessive force, unreasonable searches and seizures, false arrest and malicious prosecution.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

38. All other paragraphs herein are incorporated by reference as though fully set forth.

39. Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

40. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages

which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

42. All other paragraphs herein are incorporated by reference as though fully set forth.

43. By the actions described above, the individual defendants jointly and severally, violated Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

44. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Assault and Battery

45. All other paragraphs herein are incorporated by reference as though fully set forth.

46. By the actions described above, the individual defendants jointly and severally

violated Plaintiff's rights under New York law to be free from assault, battery and battery committed in performance of public duty or authority, as a direct and proximate result of which the Plaintiff suffered and continues to suffer from physical pain and injury requiring the expenditure of money for treatment.

47. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FIFTH CAUSE OF ACTION
### Pendant State Law Claim for
### Malicious Prosecution

48. All other paragraphs herein are incorporated by reference as though fully set forth.

49. By the actions described above, the individual defendants jointly and severally violated Plaintiff's rights under New York law to be free malicious prosecution, as a direct and proximate result of which the Plaintiff suffered continued damage in his attempt to clear himself from the false and maliciously imposed charges.

50. Municipal liability for these torts rest upon principles of *respondeat superior*.

### SIXTH CAUSE OF ACTION
### Pendant State Law Claim for
### Violation of Rights under New York State Constitutional

51. All other paragraphs herein are incorporated by reference as though fully set forth.

52. In arresting, detaining and using excessive, unreasonable and unjustified force against Plaintiff without sufficient cause, the individual defendants jointly and severally

violated the Plaintiffs rights under Article I, Section 12 of the New York State Constitution.

WHEREFORE, the plaintiff requests that this Court:

    1.    Assume jurisdiction over this matter;

    2.    Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

    3.    Award Plaintiff reasonable costs, disbursements and attorney's fees; and

    4.    Grant any other relief the court deems appropriate.

Dated:  New York, New York
       July 6, 2008

                                    Respectfully submitted,

                                    Darius Wadia, L.L.C.

                                    /s/

                                    _____
                                    By:  Darius Wadia, Bar number DW8679
                                    Attorney for Plaintiff
                                    233 Broadway, Suite 2208
                                    New York, New York  10279
                                    dwadia@wadialaw.com

TO:

New York City
Law Department
100 Church Street, 4th floor
New York, NY  10007

Police Officer Pablo Best
Transit Borough Special Operations District
c/o New York City Police Department
One Police Plaza
New York, New York  10038